KALEY *v.* STATE OF INDIANA.

[No. 29,225. Filed January 24, 1955.]

*O'Neill & O'Neill,* and *Lynn O'Neill,* of Logansport, for appellant.

*Edwin K. Steers,* Attorney General, and *Lee M. LeMay,* Deputy Attorney General, for appellee.

GILKISON, C. J.—In the trial court defendant was charged by affidavit with driving a motor vehicle on

a public highway in Rochester, Fulton County, Indiana, while under the influence of intoxicating liquor. He was tried by the court, found guilty, fined $25.00 and his driver's license was ordered suspended for a period of ninety days. From a judgment on this finding, the appeal is taken.

The motion for new trial, is for the reasons: (1) That the court erred in overruling the motion to discharge the defendant on the completition of the State's evidence. (2) The finding and decision is not sustained by sufficient evidence and (3) The finding and decision is contrary to law. The motion for new trial was overruled.

The assignment of error is that the court erred in overruling the motion for new trial.

The only question presented by the brief of appellant is whether or not there was any evidence, or proper inferences that could be drawn from the evidence, that the defendant drove his motor vehicle at the time and place alleged while he was under the influence of intoxicating liquor. If there is such evidence or inference the judgment should be affirmed; if there is no such evidence or inference the judgment should be reversed.

Since the presumptions are in favor of the finding and judgment of the trial court, and this court may not weigh the evidence, we shall consider only the evidence most favorable to the State. *Todd* v. *State* (1951), 230 Ind. 85, 87, 101 N. E. 2d 922; *Carrier* v. *State* (1949), 227 Ind. 726, 730, 89 N. E. 2d 74; *Bell* v. *State* (1954), 233 Ind. 629, 122 N. E. 2d 466, 467.

Gerald G. Knauff, a milk-truck operator and a special deputy Sheriff, testified that he lived right across the street from the defendant. About one o'clock on the

morning in question—January 1, 1952, he heard quite a disturbance, got up, sat down a while, then dressed and went outside. It seemed the defendant wanted the keys to the automobile. They said he wanted to go to Michigan to get something to drink. His wife wouldn't let him have them. But he got the keys, got in the car, drove east down Fifth Street at a high speed, turned right at Main Street went a block, turned right went west to Clay Street turned right and came back to the front of his house. Witness then went in his own house and called Sheriff Norris who arrived almost immediately. When Mr. Kaley came out on the street Sheriff Norris grabbed him, told him he was under arrest and took him across the street. As he was going across the street Kaley said: "I am drunk, I will go." Mrs. Kaley gave the car keys to Sheriff Norris and he put them in the car and ran it off the street into the garage. The Sheriff then put Mr. Kaley into the Sheriff's car and took him to the Fulton County Jail, and deputy Knauff went along with them in the car. Mr. Knauff smelled the odor of alcohol on Kaley's breath, "He acted as any intoxicated man would," "He seemed to have red paint or lipstick all over his face and his hair was mussed up." "He seemed to be doing a lot of cursing."

The witness was then asked:

"Q. I will ask you whether or not, in your opinion, at the time you have testified about here, the defendant, Harold Kaley was under the influence of intoxicating liquors?

"A. I would say, Yes."

The witness testified that it was about thirty minutes from the first time he observed Mr. Kaley until they put him in jail. It was during that time the witness made his observations with respect to Kaley's intoxi-

cation. The witness further testified that at nine o'clock in the evening of December 31st, 1951, some four hours before the experience above noted he saw Mr. Kaley at the American Legion Home and saw him "pour in one shot of whiskey."

Sheriff Norris' evidence is in all respects similar to that of Special Deputy Sheriff Knauff, so far as events occurring, after his arrival on the scene is concerned. Among other things he testified, Mr. Kaley was on his own front porch, he was indignant because the Sheriff had been called, and was raving around. Mrs. Kaley asked the sheriff to take the car keys because she was afraid he would get back in the car. It was approximately a half hour after the sheriff arrived until he put defendant in the jail. He was then asked what he observed about Kaley's actions, walking, talking or anything? The answer was: He was very belligerent, wanted to fuss with everyone, offered to whip Mr. Knauff and once when Mrs. Kaley came out of the house the night lock locked on the front door and he insisted that he would kick the door open. The witness smelled alcohol on Kaley's breath and in his opinion Kaley was under the influence of intoxicating liquor.

Appellant contends that the burden was upon the State to prove the material averments of the charge beyond a reasonable doubt. The State does not contend to the contrary. This is a correct statement of the law governing the trial court. But on appeal, this court cannot weigh the evidence to determine whether it constitutes proof beyond a reasonable doubt; that duty rests solely with the trial judge or trial jury.

Appellant further contends that the witnesses named did not see him at a close distance and did not smell

his breath until after he had made the circuit with his car around the block in which his home is located and for that reason their opinion with respect to his being under the influence of intoxicating liquor when he so drove the car is not substantially based.

In view of the evidence noted above, we think the witness Knauff had a sufficient basis for the opinion he expressed, even if he had never smelled appellant's breath. The breath odor came to the witness a little later and was additional evidence of intoxication. When the Sheriff took over, appellant said, "I am drunk. I will go."

The Sheriff came upon the scene very shortly after appellant had stopped driving the car. The opinion he expressed was likewise based upon substantial facts.

The evidence was sufficient to sustain the decision. The judgment is therefore affirmed.

NOTE.—Reported in 123 N. E. 2d 643.