BECK *v.* STATE OF INDIANA.

[No. 29,587.  Filed April 24, 1958.]

*Ferdinand Samper,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Deputy Attorney General, for appellee.

ACHOR, J.—The appellant in this case was charged with uttering a forged instrument. Appellant was tried and convicted of the offense on April 16, 1957.

The evidence most favorable to the state shows that the check in evidence was similar to and bore a check number which was within the numerical bracket of checks which were stolen from a cartage company owned by William H. Cloud, that it was made out to Delbert Marlowe Traylor, that it was signed "William H. Cloud" and that Cloud had never written a check to either Beck or Traylor, and had never authorized anyone to sign the check in question for him. On or about March 22, 1957, Beck, the appellant, cashed the check in a grocery store doing business as Dady's Market. A grocery clerk accepted the check. About two days later he identified the picture of Beck in the

police files. He also later identified Beck in the police lineup.

Appellant was found guilty and appeals. He assigns as error (1) the fact that the court overruled its motion for a directed verdict; (2) that the verdict is not supported by sufficient evidence; (3) that the verdict is contrary to law, and (4) that the court refused to instruct the jury that the crime of false pretense is a lesser included offense in the crime of uttering a forged instrument.

In answer to the first three assignments of error, the law is well settled that the presumptions are in favor of the finding and judgment of the trial court, and on appeal from conviction on the ground that evidence failed to support the trial court's findings and judgment, the reviewing court will not weigh the evidence but will only consider the evidence most favorable to the state. *Kaley* v. *State* (1955), 234 Ind. 77, 123 N. E. 2d 643; *Myles* v. *State* (1955), 234 Ind. 129, 124 N. E. 2d 205.

This court will consider the sufficiency of the evidence only when the material facts in issue are supported by so little evidence of probative value that this court can, as a matter of law, determine that the jury could not, as reasonable men, have been convinced of accused's guilt beyond a reasonable doubt. *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641; *Penn* v. *State* (1957), 237 Ind. 374, 146 N. E. 2d 240. We cannot say as a matter of law that there was such lack of convincing evidence in this case.

We next consider the issue raised by appellant's fourth assignment of error, whether the offense of false

pretense (§10-2103, Burns' 1956 Repl.)[1] is an offense necessarily included within the charge of uttering a forged instrument (§10-2102, Burns' 1956 Repl.).[2] The answer to this question must be reached from an analysis of the respective statutes. To be an included offense, all the elements of the lesser offense must ·be contained in the greater offense—the greater containing certain elements not contained in the lesser. Thus, uttering a forged instrument has been described as follows: "Uttering is the offering of a forged instrument, knowing it to be such, with a representation that it is genuine, and with an intent to defraud. It is not essential that accused should have been implicated in the forgery, that the instrument be accepted as genuine, or that anyone be actually prejudiced by it." 37 C. J. S., *Forgery*, §37, p. 57. Whereas, false pretense has been described as follows: "A criminal false pretense may be defined to be the false representation of a past or existing fact, whether by oral or written words or conduct, which is calculated to ·deceive, intended to deceive, and does in fact deceive, and by means of which one person obtains value from another without compensation." 35 C. J. S., *False Pretense*, §1, p. 636.

Thus the two offenses are distinguishable first, that

1. "Whoever, with intent to defraud another, designedly, by color of any false token or writing, or any false pretense, obtains the signature of any person or persons, firm or corporation to any written instrument, or obtains from any person, persons, firm or corporation any money, or the transfer of any bond, bill, receipt, promissory note, draft, or check, or thing of value, or whoever sells, barters, or disposes of (or offers to sell, barter or dispose of any transfer, bond, bill, receipt, promissory note, draft or check, or anything of value, knowing the signature of the maker, indorser, or guarantor thereof to have been obtained by any false pretense, shall, on conviction, . . ." (§10-2103)

2. "Whoever . . . utters or publishes as true any such instrument or matter, knowing the same to be false, defaced, altered, forged, counterfeited, falsely printed or photographed, with in-

in the offense of uttering a forged instrument the action is limited to a *forged* instrument. Secondly, the offenses are distinct in that whereas the offense of uttering a forged instrument is complete when a false instrument is merely *offered* by one knowing it to be forged; whereas to sustain a charge of false pretense, "The false pretense having been made, the offense is complete when, and only when, *property is obtained* as a result of it; title as well as possession must pass, . . ." 35 C. J. S., False Pretenses, §24, p. 665. (Our italics.) See also, Ewbanks Cr. Law, Symmes Ed., §1039, p. 605.

Therefore, we conclude that, although an offense of false pretense might be accomplished through the utterance of a forged instrument, and, although the charge of uttering a forged instrument might be made broad enough to include all the elements of false pretense, it would appear that from the divergence of essential elements involved and of the penalty imposed for the respective crimes that the offenses are intended to and do constitute separate and distinct crimes, and that neither is necessarily included in the other.

Judgment affirmed.

Emmert, C. J., Arterburn, Bobbitt & Landis, JJ., concur.

NOTE.—Reported in 149 N. E. 2d 695.

tent to defraud any person, body politic or corporation shall, on conviction, be imprisoned in the state prison not less than two [2] years nor more than fourteen [14] years, and fined not less than ten dollars [$10.00] nor more than one thousand dollars [$1,000]." (§10-2102)