MCVAY v. STATE OF INDIANA.

[No. 30,578. Filed December 15, 1964.]

Joe N. Van Valer and Williams, Williamson & Colvin, all of Indianapolis, attorneys for appellant.

Edwin K. Steers, Attorney General of Indiana, and Carl E. Van Dorn, Deputy Attorney General, for appellees.

ARTERBURN, C. J.—This is an appeal from a conviction of the crime of assault and battery with intent to gratify sexual desires. The original charge filed against the appellant was the crime of assault and battery with intent to commit rape. Following a trial by jury a judgment was rendered on December 11, 1963. The errors assigned in this case are based upon two instructions given by the Court over the objection of the appellant, namely, Court's Instruction No. 11 and No. 16. Instruction No. 11 reads as follows:

"I instruct you that at the time of the alleged commission of the offense in question, there were

in full force and effect a statute in the State of Indiana which insofar as it applies to this case provides as follows:—'Whoever, in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and batter, (sic) and on conviction, shall be fined not more than one thousand dollars ($1,000) to which may be added imprisonment in the county jail not exceeding six (6) months: Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens, or attempts to remove, tear, unbutton *or* unfasten any clothing of any child who has attained his or her twelfth (12) birthday but has not attained his or her seventeenth (17) birthday, or fondles *or* caresses the body or any part thereof of such child with the intent to gratify the sexual desires or appetites of the offending person *or*, under circumstances which frighten, excite, or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana State Prison for a period of time of not less than one (1) year nor more than five (5) years." (Our italics)

Instruction No. 16 purports to set forth the forms of verdict which the jury may render under the original charge of assault and battery with intent to rape. Among such forms of verdict is that of "a lesser included offense as charged in the affidavit", which is stated to be assault and battery with intent to gratify sexual desires.

It is the contention of the appellant that assault and battery with intent to gratify sexual desires is not a lesser included offense in that of assault and battery with intent to commit rape. It is urged that the lesser offense in this case is not "necessarily included in the offense charged", and cited in support thereof is *Polson* v. *The State* (1893), 137 Ind. 519, 35 N. E. 907 and *Sweet* v. *State* (1941), 218 Ind. 182, 31 N. E. 2d 993. *Polson* v. *The State, supra,* involved the charge of assault and battery with intent to commit rape and stated assault and battery with intent to commit rape was an

included offense. The latter of these cases involved kidnapping. *Beck* v. *State* (1958), 238 Ind. 210, 149 N. E. 2d 695, also urged upon us, involved a charge of uttering a forged instrument and whether or not the offense of false pretense was necessarily included therein. We believe all of these cases may be distinguished from the present situation before us.

The touching of a female child with intent to gratify sexual desires, in our opinion, is an element that ■ is also involved necessarily in assault and battery with intent to commit rape.

The legal question in issue here, we believe, has been fairly well settled in this state previously by the case of *Ritchie* v. *State* (1963), 243 Ind. 614, 189 N. E. ■ 2d 575, wherein this Court held that rape included the lesser offense of assault and battery with intent to gratify sexual desires. See also: *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549. We find no error in the instructions of the trial court.

The judgment of the trial court is affirmed.

Myers, Landis and Achor, JJ., concur.

Jackson, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, J.—I disagree with the conclusion contained in the majority opinion and dissent thereto.

The affidavit in the case at bar charges the offense of Assault and Battery with Intent to Rape, and omitting formal parts there, signature and jurat reads as follows:

"Garner Wood, Sr., being duly sworn on his oath, says that he is informed and verily believes that on or about the 20th day of August, 1963, at the County of Johnson, State of Indiana, Dallas Wayne McVay did then and there unlawfully in a rude, insolent and angry manner, touch the person of one Jody Tilson, a female child under the age

of 16 years, then and there being, with intent
then and there and thereby feloniously and forci-
bly to ravish and carnally know the said Jody
Tilson against her will, contrary to the form of
the statute in such case, made and provided and
against the peace and dignity of the State of
Indiana."

Trial was had by jury resulting in a verdict reading
as follows:

"We, the Jury, find the defendant, Dallas
Wayne McVay, guilty of Assault and Battery with
Intent to Gratify Sexual Desires and that he
shall be punished by imprisonment for a period
of time of not less than one (1) year nor more
than five (5) years, and that his true age is 22
years."

Judgment was rendered on the verdict by the court
on December 11, 1964, such judgment reading as fol-
lows:

"Comes now the State of Indiana by the Deputy
Prosecuting Attorney, the defendant Dallas Wayne
McVay appears in person and by counsel, and
comes also the Court, and now the Court being
sufficiently advised, now sentences the said de-
fendant to the Indiana State Reformatory for a
period of not less than one year nor more than
five years, and that he pay and satisfy all costs
laid out and expended herein taxed at $————.

"It is therefore ordered, adjudged and decreed
by the Court that the defendant Dallas Wayne
McVay is guilty of Assault and Battery with In-
tent to Rape as charged in the affidavit; that he
be imprisoned in the Indiana State Reformatory
for a period of not less than one year nor more
than five years, and that he pay and satisfy all
costs laid out and expended herein taxed at
$————.

On the same day, December 11, 1963, appellant filed
his motion for a new trial, such motion, omitting cap-
tion and signatures, reads as follows:

The defendant, Dallas Wayne McVay, now
moves the Court for new trial herein for each of
the following reasons, to wit:

"1. The verdict of the jury is not sustained by sufficient evidence.

"2. The verdict of the jury is contrary to law.

"3. The verdict of the jury is not sustained by sufficient evidence and is contrary to law.

"4. Error of law occurring at the trial as follows: that the Court erred in giving to the jury, over the objections of the defendant, Instructions numbered 11 and 16, which read as follows, to wit:

"Court's Instruction No. 11

" 'I instruct you that at the time of the alleged commission of the offense in question, there were in full force and effect a statute in the State of Indiana which insofar as it applies to this case provides as follows:— 'Whoever, in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and batter, (sic) and on conviction, shall be fined not more than one thousand dollars ($1,000) to which may be added imprisonment in the county jail not exceeding six (6) month (sic); Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens, or attempts to remove, tear, unbutton or unfasten any clothing of any child who has attained his or her twelfth (12) birthday but has not attained his or her seventeenth (17) birthday, or fondles or caresses the body or any part thereof of such child with the intent to gratify the sexual desires or appetites of the offending person or, under circumstances which frighten, excite, or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana State Prison for a period of time of not less than one (1) year nor more than five (5) years."

"Courts Instruction No. 16.

" 'If you find the defendant, Dallas Wayne McVay, guilty as charged in the affidavit, herein, and that he shall be imprisoned in the state prison for not less than one (1) nor more than ten (10) years, then and in that event the form of your verdict shall be:—"We, the jury, find the defendant, Dallas Wayne McVay, guilty as charged in the affidavit, herein and that he shall be punished by imprisonment for not less than one (1) nor more than ten (10) years and that

his true age is ————————years." (Filling in the blank what you find his true age to be.)

If you find the defendant, Dallas Wayne McVay guilty of a lesser included offense as charged in the affidavit, herein, of Assault and Battery and that he shall be fined in a sum not to exceed one thousand dollars ($1,000) then and in that event, the form of your verdict will be:—"We, the Jury find the defendant, Dallas Wayne McVay, guilty of Assault and Battery and that he shall be fined not more than————————dollars." (Filling in the blank the amount of the fine not to exceed one thousand dollars ($1,000).

"If you find the defendant, Dallas Wayne Mc-Vay, guilty of a lesser included offense as charged in the affidavit, herein of Assault and Battery, and that he shall be fined in a sum not to exceed the sum of one thousand dollars ($1,000) to which shall be added imprisonment in the county jail not to exceed six (6) months, then and in that event, the form of your verdict will be:— "We, the Jury, find the defendant, Dallas Wayne McVay, guilty of Assault and Battery, and that he shall be fined in the sum of————————dollars (Filling in the blank the amount of the fine not to exceed one thousand dollars ($1,000) and imprisoned in the county jail for————————(Filling in the blank the amount of his imprisonment not to exceed six (6) months."

"If you find the defendant, Dallas Wayne Mc-Vay, guilty of a lesser included offense as charged in the affidavit, herein of Assault and Battery with the Intent to Gratify Sexual Desires and that he shall be imprisoned in the Indiana State prison for a period of time of not less than one (1) year nor more than five (5) years, then, and in that event the form of your verdict shall be;— "We, the Jury, find the defendant, Dallas Wayne McVay, guilty of Assault and Battery with the Intent to Gratify Sexual Desires and that he shall be punished by imprisonment for a period of time of not less than one (1) year nor more than five (5) years, and that his true age is ————————years.' (Filling in the blank what you find his true age to be.)

" 'If you find the defendant Dallas Wayne Mc-Vay, guilty of a lesser included offense as charged

in the affidavit, herein of Assault and that he shall be fined in any sum not exceeding five hundred dollars ($500.00) then and in that event, the form of your verdict will be: —'We, the Jury, find the defendant, Dallas Wayne McVay, guilty of Assault and that he shall be fined in the sum of————————dollars." (Filling in the blank the amount of fine not exceeding fine (sic) hundred dollars ($500.).

" 'If you find the defendant, Dallas Wayne McVay, guilty of a lesser included offense as charged in the affidavit, herein of Assault and that he shall be fined in the sum not to exceed five hundred dollars ($500) to which shall be added imprisonment in the county jail or in the Indiana State Farm not exceeding six (6) months, then and in that event, the form of your verdict will be:— 'We, the Jury, find the defendant, Dallas Wayne McVay, guilty of Assault and that he shall be fined————————dollars (Filling in the blank the amount of the fine not to exceed five hundred dollars ($500) and imprisoned for————————." (Filling in the blank the amount of time not to exceed six (6) months.)

" 'If you find the defendant, Dallas Wayne McVay, not guilty as charged in the affidavit, herein, then and in that event, the form of your verdict will be:—"We, the Jury, find the defendant, Dallas Wayne McVay, not guilty."

"Separate forms of verdict will be furnished you for your convenience and you may use them. When you retire to your Jury room you should select one of your number foreman, and when you have agreed upon your verdict you shall cause your foreman to sign the same as such foreman and return with it into Open Court.' "

"WHEREFORE, the defendant prays the Court that a new trial be granted."

The assignment of errors consists of the single ground:

"1. That the Court erred in overruling the Appellant's Motion for a New Trial."

The statute defining assault and battery with intent to commit a felony and fixing the penalty for violation

thereof, Acts 1959, ch. 121, §7, p. 321, being §10-401, Burn's 1964 Cum. Supp., reads as follows, to-wit:

"Whoever perpetrates an assault or assault and battery upon any human being with intent to commit any felony other than a felonious homicide, shall, on conviction, be imprisoned in the state prison for not less than one [1] nor more than ten [10] years."

The statute defining assault and battery, and as an included offense defining and punishing in the commission of the offense the included crime of assault and battery with intent to gratify the sexual desires, etc., is Acts 1961, ch. 321, §1, p. 951, being §10-403, Burns' 1964 Cum. Supp., and reads as follows, to-wit:

"Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months: Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens, or attempts to remove, tear, unbutton or unfasten any clothing of any child who has attained his or her twelfth [12] birthday but has not attained his or her seventeenth [17] birthday, or fondles or caresses the body or any part thereof of such child with the intent to gratify the sexual desires or appetites of the offending person or, under circumstances which frighten, excite, or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana state prison for a period of time of not less than one [1] year nor more than five [5] years: Provided further, That if such child has not attained his or her twelfth [12] birthday, the punishment for such offense shall be imprisonment in the Indiana state prison for a period of time of not less than two [2] years nor more than twenty-one [21] years."

In the case at bar appellant was charged in the language of §10-401, Burns' 1964 Cum. Supp., *supra*, of

the statute. Appellant was *not* charged with any offense under §10-403, Burns' 1964 Cum. Supp., *supra,* nor was any evidence offered or produced by the State proving or tending to prove any offense defined or punishable as assault and battery with intent to gratify the sexual desires or appetites of the appellant.

Finally, returning to a consideration of instruction No. 16, a careful reading of the statutes cited clearly indicates that, under the original charge of "Assault and Battery with Intent to Rape", there could and can be no valid conviction of appellant of the crime of *Assault and Battery with Intent to Gratify Sexual Desires* as "a lesser included offense as charged in the affidavit."

> "To be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser." Giles v. U.S., 144 F2d 860, 861 (9th Cir. 1944)

The rule is well established in Indiana that an accused may not be found guilty of a lesser offense under an indictment for a greater offense unless the lesser is necessarily included in the offense charged. *Beck* v. *State* (1958), 238 Ind. 210, 213, 149 N. E. 2d 695; *Watford* v. *State* (1957), 237 Ind. 10, 15, 143 N. E. 2d 405; *Sweet* v. *State* (1941), 218 Ind. 182, 193, 31 N. E. 2d 993; *House* v. *State* (1917), 186 Ind. 593, 596, 117 N. E. 647.

The case of *Ritchie* v. *State* (1963), 243 Ind. 614, 189 N. E. 2d 575 lends no support to the majority opinion herein for several reasons.

A. The statement contained in numerical paragraph three of that case is merely dicta to make plausible the action of this court in depriving that appellant of his constitutional right to a new trial.

B. The allegation that the offense of "gratifying sex-

ual desires" of the appellant is an included offense is demonstrably untrue as shown by the wording of the two statutes.

C. The decision of the court is contrary to the express terms of the statute, Acts 1905, ch. 169, §272, p. 584, being §9-1817, Burns' 1956 Replacement, for the reason that the language of the statute under which the original charge was filed does not permit the conviction complained of "as a lesser and included offense."

The case of *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549, lends no support to the majority opinion, but does support this dissent.

The offense of which appellant was convicted is not an offense included within the crime with which he was charged, therefore, the conviction below was contrary to law and appellant's motion for a new trial should have been sustained, the overruling thereof constituted reversible error and this cause should be reversed and remanded with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 202 N. E. 2d 750.