**Wilson Dennis EDWARDS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Dec. 9, 1971.

Bernard Balick, of Aerenson & Balick, Wilmington, for defendant below, appellant.

James W. Garvin, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

A jury found appellant guilty of disregarding a police officer's signal in violation of 21 Del.C. § 4103(b).[1] Appellant charges error in the Court's refusal to direct a verdict and in its charge to the jury.

On January 12, 1971, at approximately 3:45 a. m., appellant was observed proceeding south in the left-hand side of the northbound lane of Rt. 13, a four-lane highway divided by a grassy median strip. In an effort to stop him, a police car, traveling north, approached defendant head-on with its red roof flasher light operating, si-

[1]. 21 Del.C. § 4103(b) states:

"(b) Any driver who, having received a visual or audible signal from a police officer identifiable by uniform, by motor vehicle, or by a clearly discernible police signal to bring his vehicle to a stop, operates his vehicle in disregard of the signal . . . ."

ren wailing, and flashers operating. Appellant continued traveling in the same manner, causing the police car to veer away. The police car then turned into the southbound lanes, advanced to a cross-over in front of appellant, and stopped with the car in the cross-over, at right-angles to appellant's line of travel. The siren and all lights on the vehicle were still turned on, and one of the officers stood next to the roadway with a hand-held "radar light" in an attempt to stop appellant. The officers could also see the headlights of two vehicles approaching from the south in the northbound lanes, one in each lane. Appellant did not stop when he passed by the cross-over, and the officer fired a shot, unsuccessfully attempting to puncture one of the tires on appellant's car. In a final effort, the police car, still with lights and siren operating, was pulled up parallel to appellant's, both going south in the northbound lanes, at which time appellant pulled over to the side of the road, and a potentially serious accident with the oncoming vehicles—two large tractor trailers—was narrowly avoided.

■ Appellant first contends that his motion for judgment of acquittal, made at the end of the State's evidence and again at the conclusion of the evidence, should have been granted. He urges that the words, ". . . received . . . signal" in § 4103(b) imply an essential element of wilfulness which the State did not show. We agree that the statute requires a need to show wilfulness; the seriousness of the penalties[2] imposed by that section demonstrates the Legislature's intent to require such a showing. Therefore, the evidence must be viewed in this light. At the

close of the State's evidence, the facts as stated above had been elicited from the police officers; additionally, the officers testified that until appellant pulled to the side of the road, he appeared to be ". . . in a state of stupor . . . incoherent of what was going on . . ." and acted ". . . as if he didn't see [the officers] . . ." In passing upon a motion for judgment of acquittal, the evidence, ". . . together with all reasonable inferences therefrom, must be considered from the point of view most favorable to the State. The Court is without power to determine the weight of the evidence or where the preponderance lies." State v. Biter, Del.Super., 119 A.2d 894 (1955).

Clearly, there was ample evidence to justify the jury in believing, despite appellant's denial, that he saw and deliberately disregarded the signals. The Court did not err in denying the motion for acquittal.

■ Appellant also contends that the instructions to the jury were inadequate and misleading because the trial Judge did not read to the jury the exact words of § 4103(b). However, at trial, appellant offered no prayers or objection to the charge given. Superior Court Crim.Rule 30(a), Del.C.Ann.,[3] prevents him from raising this point for the first time on appeal. Flamer v. State, Del.Super., 227 A.2d 123 (1967). If the omission be error, it is not a type of error which will be noticed on appeal in the absence of objection. Cf. Webster v. State, Del.Super., 213 A.2d 298 (1965).

The judgment below is affirmed.

2. No less than $500 fine or 60-day imprisonment plus revocation of operator's license for 2 years upon conviction for first offense.

3. Rule 30(a) provides in part:
"At the close of the evidence or at such earlier time as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests . . Except with special permission of the court, no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before or at a time set by the court . . . ."