**STATE of Delaware**

**v.**

**Perry MATTHEWS and Reginald Samuels, Defendants.**

Superior Court of Delaware, New Castle.

Aug. 4, 1972.

Richard R. Wier, Jr., State Prosecutor, Dept. of Justice, Wilmington, for State.

Richard Allen Paul, Asst. Public Defender, Wilmington, for defendants.

## OPINION

O'HARA, Judge.

This case comes before the Court pursuant to Rule 35(a) of the Superior Court Criminal Rules, petitioners seeking post-conviction relief in the form of a new trial on charges previously preferred against them.

The petitioners, Perry Matthews and Reginald Samuels, were defendants in No. 974 Criminal Action 1967. In that case petitioners were charged with kidnapping, rape and robbery. They were tried before a jury and found guilty of kidnapping, rape, with a recommendation of mercy, and assault, as the lesser included offense of the crime of robbery. The petitioners appealed to the Supreme Court of Delaware which upheld their convictions. Samuels v. State, 253 A.2d 201 (Del.Supr.1969).

The petitioners argue that this Court erred by failing to instruct the jury that they possessed an alternative in addition to finding the defendants guilty or not guilty of kidnapping. Specifically, they contend that assault is a lesser included offense of kidnapping. The State, on its part, argues that assault is not a lesser included offense of kidnapping.

The resolution of this issue requires an examination of Superior Court Criminal Rule 31(c), Del.C.Ann. which states as follows:

"(c) *Conviction of Less Offense.* The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense or of any other offense where specifically authorized by statute."

The specific statutory issue is whether the offense of assault is "necessarily included" in the offense of kidnapping with which the defendants were charged.

While an assault may be included in the offense of kidnapping, it is not "necessarily included" in that offense. The statute defining the offense of kidnapping reads as follows:

"(a) Whoever abducts, leads, decoys, entices, takes or carries away any person, with the intent to detain or conceal such person or with the intent to deprive any person of his liberty, is guilty of kidnapping and a felony, and shall suffer life imprisonment." (11 Del.C. § 623(a)).

The offense of assault has been defined as follows:

". . . . an unlawful attempt by force and violence to do injury to the person of another, the person making the attempt having the present ability to commit injury." State v. Brewer, 1 W. W.Harr. 363, 114 A. 604 (Del.Ct. of General Sessions 1921).

Although it may be true that the offense of assault is "necessarily included" in the act of abducting, taking or carrying away any person, it is certainly clear that the offense of assault is not "necessarily included" in the act of leading, decoying or enticing. Physical force and violence is in no way necessarily involved in the leading, decoying or enticing away of a person. Nor does intent to conceal, detain or deprive that person of his liberty make physical force and violence necessarily involved in those actions.

Furthermore, at common law, the use of physical force was not a necessary element of the crime of kidnapping. Fraud or false representations may be sufficient without the use of physical force or violence to constitute the crime of kidnapping. State v. Gough, 257 N.C. 348, 126 S.E.2d 118 (1962). After reaching this conclusion as to the common law, the Court in the *Gough* case goes on to interpret the word "kidnap" as used in the North Carolina statute. The Court concludes that "kidnap" includes the taking or carrying away

of a person by false and fraudulent representations or fraud as a substitute for force in effecting a kidnapping when the fraud is such that it substantially amounts to a coercion of the will of the kidnapped person.

The manner in which kidnapping may be effected by fraud or false pretenses is further explicated at 95 A.L.R.2d 450.

Since it is quite possible to commit the offense of kidnapping without committing an assault, it is therefore clear that assault is not a "necessarily included" offense of kidnapping.

Petitioners point to 11 Del.C. § 3707 and argue that this statute provides the basis for the conclusion that assault is a lesser included offense of kidnapping, the statute states:

> "§ 3707. *Conviction of assault on trial for felony including assault.*
>
> Upon the trial of any person for any felony whatever, where the crime charged includes an assault against the person, the jury may acquit of the felony and find a verdict of guilty of assault against the accused, if the evidence warrants such finding."

Presumably the language at issue is " . . . where the crime charged includes an assault against the person . . . ". Petitioners contend that this language requires that assault be considered an included offense of kidnapping.

■ The proper meaning of the term "included offense" has been ably stated by the Supreme Court of Indiana in Beck v. State, 238 Ind. 210, 149 N.E.2d 695 (1958). In that case the Court stated:

> "To be an included offense, all the elements of the lesser offense must be contained in the greater offense—the greater containing certain elements not contained in the lesser."

As indicated earlier, the offense of kidnapping as defined in the Delaware statute can be committed without committing an assault. In other words, all the elements of the lesser offense, assault, are not necessarily contained in the greater offense, kidnapping, since the offense of kidnapping can be committed by fraud or false pretenses without the use of physical force and violence.

■ A proper reading of 11 Del.C. § 3707 indicates that assault must be more than includible in the felony in order that the jury may acquit of the felony and find a verdict of guilty of assault. The offense of assault must be necessarily included in the felony for § 3707 to be applicable.

For the same reason that Superior Court Criminal Rule 31(c) provides no basis for concluding that assault is a lesser included offense of kidnapping, so too does 11 Del. C. § 3707 fail to provide a basis for such a conclusion.

For the aforementioned reasons, the petitioners' motion for post-conviction relief pursuant to Rule 35(a) of the Superior Court Criminal Rules should be denied.

It is so ordered.