**Perry MATTHEWS and Reginald Samuels, Defendants Below, Appellants,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

July 6, 1973.

Richard Allen Paul and Arlen B. Mekler, Asst. Public Defenders, Wilmington, for appellants.

George H. Seitz, III, and John P. Daley, Deputy Attys. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from the denial of post-conviction relief under Criminal Rule 35 of the Superior Court. These two appellants took a direct appeal from their

convictions of the crimes of kidnapping, rape and robbery. By Opinion of this Court, Samuels v. State, Del.Supr., 253 A. 2d 201 (1969), these convictions were upheld.

The application for relief under Rule 35 raises solely the question of whether or not it was a denial of due process of law for the Trial Court not to *sua sponte* instruct the jury at the trial of these appellants that it could bring in a verdict of assault as a lesser included offense of the crime of kidnapping.

We will assume *arguendo* that where there is a showing of fact which indicates a forcible kidnapping in violation of 11 Del.C. § 623(a), a jury, upon proper request, must be charged to that effect under Superior Court Criminal Rule 31(c) and 11 Del.C. § 3707.

From the statement of facts contained in the Opinion affirming the convictions of these appellants, it is quite apparent that this was not a proper case for such a charge since the testimony taken in the light most favorable to the State indicates that this victim was abducted and forcibly restrained, and taken to a point some two and one-half miles from the point of abduction, and raped and robbed by two or three males. The defense offered by these two appellants was solely that of alibi; that is, that they were not present at the scene of either the abduction or the perpetration of the rape and robbery. This defense, which put none of the State's case in issue except the identity of the appellants, makes it entirely inappropriate for any charge to the jury upon the possibility of a verdict of guilty of a lesser included offense.

It is to be noted that 11 Del.C. § 3707 provides that the jury may return a verdict of guilty of a lesser included offense "if the evidence warrants such finding". In our opinion, the facts of this case warrant no such finding. Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L. Ed.2d 882 (1965).

Furthermore, at the trial the defense requested no instruction from the Trial Judge upon the lesser included offense proposition, either under Criminal Rule 31(c) or 11 Del.C. § 3707. This being so, and in view of the fact that such a request would necessarily have had to be denied by the Trial Judge, it follows that the point may not be raised by an application under Criminal Rule 35 for post-conviction relief.

We note in passing, however, that we have some doubt concerning the construction given to 11 Del.C. § 3707 in State v. Matthews, Del.Super., 295 A.2d 745 (1972), the Opinion of the Trial Judge upon the application under Criminal Rule 35(a). In paragraph [3] of the Opinion, § 3707 is construed to the effect that an assault "must be more than includible in the felony in order that the jury may acquit of the felony and find a verdict of guilty of assault. The offense of assault must be necessarily included in the felony for § 3707 to be applicable." In our opinion, this is to overstate the matter. Whether or not § 3707 is applicable to warrant a finding of a lesser verdict of guilty by the jury is to be determined by the facts of the case, and not by the statutory definition of the crime only.

For the foregoing reasons, the judgment below is affirmed.