Louis FELICIANO, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Argued Dec. 9, 1974.

Decided Jan. 23, 1975.

Henry A. Wise, Jr., Wise, Lindh & Mekler, Wilmington, for defendant below, appellant.

William E. Wright, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUF-FY and McNEILLY, JJ.

DUFFY, Justice:

Defendant appeals on three grounds from convictions for murder in the second degree and possession of a deadly weapon during the commission of a felony.

I

The Superior Court refused defendant's request to instruct the jury on the defense of duress. Defendant argues that he was entitled to such charge in addition to the instruction on self-defense, 11 Del.C. § 464, which was given by the Court.

Under the Delaware Criminal Code, 11 Del.C. § 431, duress is a defense to criminal liability under certain circumstances, stated as follows:

"(a) In any prosecution for an offense, it is an affirmative defense that

the defendant engaged in the conduct charged to constitute the offense because he was coerced to do so by the use of, or a threat to use, force against his person or the person of another, which a reasonable person in his situation would have been unable to resist.

(b) The defense provided by subsection (a) of this section is unavailable if the defendant intentionally or recklessly placed himself in a situation in which it was probable that he would be subjected to duress. . . ."

■ Defendant says the coercion here came from the victim, that is, he was constrained to shoot the victim to avoid a stigma of cowardice. The rationale offered is that, under the "custom" prevailing in the part of the community in which both of them lived, defendant was obliged to return and confront the victim who had publicly degraded and humiliated him. That, says defendant, was "duress" within the meaning of § 431.

Duress and self-defense are kindred defenses in that each involves compulsion in a "choice of evils" setting. They are different species of justification defense and are designed to apply to different factual situations. They are not cumulative defenses but, indeed, involve mutually exclusive theories.

There is a congruence of roles in a self-defense pattern: Thus, the original assailant is both coercer and victim. By the use of unlawful force against a defendant, he coerces the latter to reciprocate in kind. And then the defendant responds " . . . to the use of unlawful force by the *other*

person . . . ." § 464 (Emphasis added.) Cf. State v. Robinson, Del.Ct.O. & T., 36 A.2d 27 (1944).

■ Duress, on the other hand, is a pertinent theory of defense when a third party, that is, a person other than the victim, is the coercer.[1] By force or threat against a defendant he coerces the latter to harm a (presumably innocent) victim. See, e.g., Carpenter v. United States, 4 Cir., 264 F.2d 565, cert. den. 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548 (1959).

In its essence, the self-protection provision (of § 464) justifies the use of force when duress or coercion is the act of the victim. The duress provisions of § 431, in our view, clearly contemplate coercion by a third party, that is, a non-victim. Compare the Commentary to the respective sections.

■ This case involved a confrontation between victim and defendant. No third person was involved. Hence, the Trial Court correctly instructed the jury on self-defense and refused the request to instruct on duress.[2]

## II

Defendant argues also that it was error for the Trial Judge to refuse to instruct the jury that it could acquit him of murder in either degree and find him guilty of assault only.

11 Del.C. § 3707 provides:

"Upon the trial of any person for any felony whatever, where the crime charged includes an assault against the

---

1. At common law, duress was not available as a defense to the crime of homicide, see, e. g., State v. Nargashian, 26 R.I. 299, 58 A. 953 (1904), (self-defense was) ; § 431 departs from the common law by making duress available as a defense to homicide. Commentary § 431.

2. We are unaware of any case in which a duress charge was given where coercer and victim were the same person. See Annot., 40 A.L.R.2d 908.

To the extent that defendant relies upon a community code (of social opprobrium) as duress under § 431, it is sufficient to say that the argument is supported by neither case law nor reason.

**150**

person, the jury may acquit of the felony and find a verdict of guilty of assault against the accused, if the evidence warrants such finding. When such verdict is found, the court may fine the person, so found guilty of an assault, not more than $300 and imprison him not more than three years. Nothing in this section shall be construed so as to apply to capital cases."

See also Superior Court Criminal Rule 31(c), Del.C.Ann.

In Matthews v. State, Del.Supr., 310 A. 2d 645 (1973), we held that the facts of a case must first warrant the assault instruction since § 3707 provides that the jury may return a verdict of a lesser included offense "if the evidence warrants such finding."

It is the Trial Court in the first instance which must determine as a matter of law whether there is evidence on which the jury may return a verdict of assault (only). If there is not, the judge may not submit the issue to the jury. If there is, the issue is submitted to and decided by the jury.

■ Here it is undisputed that defendant fired the shots that caused the victim's death, and, in our view, a finding of assault would have been impermissible. As noted above, the case was tried in an unlawful-homicide-self-defense context and defendant was either guilty as charged or he was not guilty. The facts did not warrant a verdict of assault only.[3]

### III

Finally, defendant argues that he was entitled to an acquittal but, viewed in the light most favorable to the State, State v. Edwards, Del.Supr., 285 A.2d 805 (1971), there is evidence to support the verdict.

\*　　\*　　\*　　\*　　\*　　\*

Affirmed.

3. Defendant's reliance on State v. Fleetwood, Del.Ct.O. & T., 65 A. 772 (1906), is misplaced. There the cause of death was in

issue and so the evidence warranted submission of the assault issue.