Tamela D. WILKE,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 82A01–8603–CR–59.

Court of Appeals of Indiana,
First District.

Aug. 26, 1986.

**1311**

Robert Canada, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Tamela D. Wilke appeals her conviction by court trial of false reporting, a class A misdemeanor. We reverse.

### FACTS

On or about August 21, 1984, Wilke, seeking lenient treatment on a pending perjury charge against her, offered to assist the Evansville police department in drug investigations. Wilke informed officer Allison that one Tammy Ross was a drug dealer, and arranged to accompany Allison, an undercover police officer, to Ross's home to purchase drugs. Pursuant to this plan, Wilke accompanied Allison to Ross's home but no drug transaction took place because Wilke previously had informed Ross that the person Wilke would be bringing to Ross's home was an undercover police officer. As a result, an information was filed against Wilke charging that she:

"did give false information in the official investigation of the commission of a crime to-wit: the crime of Dealing In A Schedule II Controlled Substance, to-wit:

that she would assist Officer James Allison in the apprehension of Tammy Lee Ross, to Officer James Allison, said Tamela D. Wilke knowing such information to be false, and said false information did substantially hender a law enforcement investigation into the crimes of Dealing In A Schedule II Controlled Substance, all in violation of I.C. 35–44–2–2(b)(1)."

Record at 18.

Wilke was convicted and sentenced to one (1) year at the Indiana Women's Prison,[1] but ordered held in the county jail and placed in the work release program.

### ISSUE

The issue in this case is whether a conviction of false reporting may be sustained upon the facts of this case.

### DISCUSSION AND DECISION

The statute upon which this prosecution is based, in relevant part, provides:

"(b) A person who:

(1) gives a false report of the commission of a crime or gives false information in the official investigation of the commission of a crime, knowing the report or information to be false;

. . . . .

commits false informing, a Class B misdemeanor. However, the offense is a Class A misdemeanor if it substantially hinders any law enforcement process or if it results in harm to an innocent person."

Ind.Code § 35–44–2–2(b)(1).

 In the Commentary by Bobby Jay Small appearing in the 1978 edition of West's A.I.C. § 35–44–2–2, it is stated:

"Subsection (b)(1). The elements of the offenses are: (1) giving a false report of the commission of a crime; (2) knowing the report is false *and* (1) giving false information; (2) in an official investigation of the commission of a crime; (3) knowing the information is false.

"There are two separate offenses defined in this subsection. The second offense is new to Indiana criminal law. The term 'official investigation' is not defined. The context in which the term is used, 'official investigation of the commission of a crime' implies that an official investigation is one conducted by a law enforcement official charged with investigating a crime. The scope of the second offense is probably limited to giving false information to a *law enforcement officer* concerning a crime *committed*, knowing the information is false." (Original emphasis).

 We agree with this analysis and with Wilke's contention that to constitute a crime under Ind. Code § 35–44–2–2(b)(1), there must be a knowing or intentional false report of a committed crime of a past or existing fact, and not a representation as to future conduct. This interpretation is in keeping with the rule involving the former crime of obtaining money or property under false pretenses that a representation of a future event, whether in the form of a promise or not, cannot constitute a false pretense. *Beck v. State* (1958), 238 Ind. 210, 149 N.E.2d 695; *Keller v. State* (1875), 51 Ind. 111; 14 I.L.E., *False Pretenses*, § 2 (1959). In reviewing a conviction for theft by obtaining unauthorized control by creating a false impression, this court in *Coburn v. State* (1984), Ind. App., 461 N.E.2d 1154, 1156, stated:

"Theft, so defined, is not unlike the former offense of obtaining money or property under false pretenses, [citation omitted], which generally required a false representation of a past or existing fact. [Citation omitted]. Thus, a misrepresentation as to future acts or events, or promissory in character, will not support a conviction. [Citation omitted]."

 We believe the false pretenses cases are analogous and require us to hold that a conviction for false reporting can be predicated only upon a false statement of a past or existing fact, and cannot be based upon promised future conduct. Wilke's conduct here merely was promissory of future intended acts upon her part. This is not sufficient.

---

**1.** Indiana Code section 35–50–3–2.

The state argues the trial court did not have to believe that Tammy Ross was a drug dealer and that the conviction may be upheld on the basis of a false report of Ross's activities. This argument misses the point for two reasons. First, Wilke is not charged with falsely reporting that Ross was a drug dealer. Second, Ross testified as a state's witness, under grant of immunity, admitting she was a drug dealer. Thus, Wilke's report that Ross was a drug dealer was not false. The state cannot argue that the testimony of its witness, Ross, should not be believed.

Whatever Wilke may have done, the evidence does not disclose any violation of Ind.Code § 35–44–2–2(b)(1), and her conviction must be reversed.

Judgment reversed and remanded with directions to enter a judgment of acquittal on this charge.

ROBERTSON, P.J., and NEAL, J., concur.