Raymond B. SMITH, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34A04–9506–CR–197.

Court of Appeals of Indiana.

Jan. 18, 1996.

William C. Menges, Jr., Howard County Public Defender, Kokomo, for appellant.

Pamela Carter, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Raymond B. Smith appeals his conviction of false informing, a class B misdemeanor. IND.CODE 35–44–2–2(c).

We affirm.

### ISSUES

Smith raises the following restated issues for our review:

1. Whether the police illegally seized evidence.

2. Whether there is sufficient evidence to support the conviction.

### FACTS

At approximately 4:20 a.m., on October 9, 1994, Kokomo Police Officer Ronald Brown was dispatched to a Kokomo residence to investigate reports of minors illegally consuming alcohol. Officer Brown was admitted into the residence and spoke with the occupants. He noticed Smith lying in a bed in an adjacent room, and recognized him as someone he had encountered before. Because Officer Brown believed there were outstanding warrants for Smith, he awakened Smith and asked him his name. Smith replied that his name was "Steve Smith." Officer Brown learned from the dispatcher that there was a possible warrant for that name. He then asked Smith for his birth date and social security number. Smith gave his birth date as 11–18–63, but stated he could not remember his social security number. He further stated that he did not have his wallet with him. While the dispatcher was confirming the warrant, Officer Brown conducted a cursory patdown search of Smith's clothing, and felt Smith's wallet in his rear pants pocket. Officer Brown asked Smith to retrieve the wallet from his pocket to establish his identification, and Smith complied. Officer Brown's examination of Smith's wallet revealed that Smith had provided a false forename and date of birth. Officer Brown discovered that Smith had three outstanding warrants; he then placed Smith under arrest for the warrants and for false informing.

### DISCUSSION AND DECISION

#### I. PROPRIETY OF THE ALLEGED SEIZURE OF EVIDENCE

Smith contends that Officer Brown illegally seized his wallet. He argues that the seizure was in violation of the Fourth Amendment and that the wallet and its contents should not have been admitted into evidence. He does not contest the validity of the initial stop or the pat-down of his person.[1]

In *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the Supreme Court held that a police officer may stop a person when he reasonably suspects that the person has committed a crime. The officer is then authorized to conduct a frisk (pat-down of the outer clothing) for the purpose of finding and securing dangerous weapons. 392 U.S. at 30, 88 S.Ct. at 1884. The officer may seize any weapon that he finds in the frisk, however, he may not seize contraband or any evidence. *Id.* at 29, 88 S.Ct. at 1884.

In the present case, Officer Brown did not locate a weapon. However, he did locate the wallet that Smith had denied possessing. Officer Brown did not take the wallet from Smith's person. Instead, he requested that the wallet be handed to him for identification purposes, and Smith voluntarily complied with the request. Officer Brown did not seize the wallet. Thus, he did not violate the tenets of the Fourth Amendment.

#### II. SUFFICIENCY OF THE EVIDENCE

Smith contends that there is insufficient evidence to support his conviction. He argues there is no evidence (1) that Officer Brown was investigating a crime at the time of the offense; (2) that he intentionally gave material false information to Officer Brown in connection with the official investigation of a crime; or (3) that the information given to Officer Brown was false.

In reviewing sufficiency claims, this court does not reweigh the evidence or judge the credibility of the witnesses. We will consider only the evidence most favorable to the verdict, together with all reasonable and logical inferences to be drawn therefrom. The verdict will be affirmed if there is substantial evidence of probative value to support the conclusion of the trier of fact. *Vega v. State* (1995), Ind.App., 656 N.E.2d 497, 504. Reversal is appropriate only when rea-

---

1. Smith quotes from cases delineating the justifications for a search and the limitations thereon. If he was attempting to question the validity of the search by his quotations, he failed. He did not attempt to apply the law to the facts. Accordingly, there is no issue presented for our review. *See* Ind.App. Rule 8.3(A)(7).

sonable persons would be unable to form inferences as to each material element of the offense. *Id.* The offense of false informing is established when the evidence shows that a person "gives false information in the official investigation of the commission of a crime, knowing the report or information to be false." I.C. 35–44–2–2(c)(1).

Smith argues that Officer Brown had ceased his investigation of the alleged underage consumption of alcohol before he approached Smith. Thus, Smith concludes that Officer Brown was not engaged in the official investigation of a crime when he questioned him.

When Officer Brown confronted Smith, he was engaged in the official investigation of the violation of judicial orders for which the outstanding warrants were issued. It is irrelevant whether or not Officer Brown had ended the investigation of the underage consumption of alcohol.

Smith also argues that there is not sufficient evidence that he intentionally gave false material information to Officer Brown. He focuses on the investigation of the illegal consumption and asserts: "if we assume, in arguendo, that the Defendant did provide false information as to his age, that false information was hardly material." Appellant's Brief at 6. Thus, he contends, "[the information] did not shield or attempt to shield the defendant, or any other person, from a criminal investigation or prosecution, or to hinder any such investigation or prosecution." *Id.*

■ When Smith was questioned by Officer Brown he knew that he had outstanding warrants against him. Presumably, he lied about his name and birth date to conceal his fugitive status. The evidence is sufficient to establish both that the false answers were intentional and material. *See Carty v. State* (1981), Ind.App., 421 N.E.2d 1151, 1155 (holding that intentional conduct may be inferred from voluntary commission and surrounding circumstances).

■ Finally, Smith argues that there is no evidence that the information he gave to Officer Brown was false. While no documentary evidence was introduced at trial to es-

tablish Smith's forename and birth date, Officer Brown did testify that Smith's I.D. card indicated that Smith had given him an incorrect forename and birth date. Officer Brown's testimony is sufficient as "[t]he uncorroborated testimony of one witness is sufficient to sustain a conviction." *Wray v. State* (1989), Ind., 547 N.E.2d 1062, 1068. Furthermore, Smith admitted giving Officer Brown his brother's birth date. The evidence presented at trial is sufficient to establish that Smith gave an incorrect forename and birth date.

### *CONCLUSION*

Smith fails to establish that an illegal seizure of evidence took place. He further fails to establish that the evidence was insufficient to support his conviction.

Affirmed.

CHEZEM and FRIEDLANDER, JJ., concur.