**Norton J. HOWELL, III, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A04–9612–CR–497.

Court of Appeals of Indiana.

Sept. 10, 1997.

Douglas E. Ulmer, Donald J. Frew, Blume, Connelly, Jordan, Stucky & Ulmer, Fort Wayne, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, John B. Herriman, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

CHEZEM, Judge.

### Case Summary [1]

■ Appellant–Defendant, Norton Howell ("Howell"), appeals his conviction for False Informing,[2] a class B misdemeanor. We affirm.

### Issue

Howell raises one issue for our review which we restate as: whether the evidence was sufficient to support his conviction.

### Facts and Procedural History

The facts most favorable to the verdict show that on May 16, 1996, Howell was a passenger in an automobile pulled over by police for crossing the center line of the road. The driver indicated to the officer that he didn't have a license and was a suspended driver. The officer verified this and placed the driver under arrest. The officer then attempted to identify the passenger as part of a routine records and warrants check. The officer testified that he suspected underage drinking. Howell identified himself as Larry Paul Cox and provided a birth date and social security number. After a records check, it was apparent that Howell did not match the description of Larry Paul Cox. Howell was taken to the police station where his correct identity was established. Howell was placed under arrest due to several active warrants and for false informing. At trial, a jury found Howell guilty of false informing, and he now appeals.

### Discussion and Decision

When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor

judge the credibility of witnesses. *Rickey v. State*, 661 N.E.2d 18, 24 (Ind.Ct.App.1996), *trans. denied*. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the judgment. *Id*. When there is substantial evidence of probative value to support the conviction, the judgment will not be disturbed. *Id*.

■ In order to meet its burden in this case, the State had to prove beyond a reasonable doubt that Howell "[gave] false information in the official investigation of the commission of a crime, knowing the report or information to be false." Ind.Code § 35–44–2–2(c)(1). Howell does not argue that the information he provided to the police officer was not false, or that he did not know it to be false. His only contention is that the officers involved were not conducting an official investigation of the commission of a crime. Because the driver had been arrested before the officer began to question him, Howell argues that no further investigation was occurring and that any further investigation would not be regarding a *committed* crime. Citing *Wilke v. State*, 496 N.E.2d 1310 (Ind. Ct.App.1986), Howell contends that the investigation as to his identity was only concerning potentially new offenses, not an already committed crime. *Wilke* involved the offer by a criminal defendant to assist police officers by arranging a drug transaction. When the transaction did not take place because Wilke had informed the dealer that undercover police officers would be involved, Wilke was charged with false reporting. This court held in *Wilke* that the defendant's conduct was "merely promissory of future intended acts" and that "a conviction for false reporting can be predicated only upon a false

1. We initially note that Appellant's brief was filed one day late. "Failure to file appellant's brief within the time limited herein, or any extension of time granted therefor, shall subject the appeal to summary dismissal." Ind. Appellate Rule 8.1(A). Howell sought a thirty-day extension of time in which to file his brief which was granted to and including February 7, 1997. Howell's letter transmitting his brief was dated February 7, 1997. However, the date of shipment was marked by the carrier as February 8, 1997. The brief was therefore stamped as filed on February 8, 1997.

Rule 8.1(A) does not mandate an automatic dismissal when an appellant has not timely filed its brief. *Haimbaugh Landscaping, Inc. v. Jegen*, 653 N.E.2d 95, 98 (Ind.Ct.App.1995), *trans. denied*. Dismissal for the late filing of an appellant's brief is within the discretion of this court, rather than mandatory. *Id*. Because we prefer to decide a case upon its merits, we exercise our discretion to reach the merits when violations are comparatively minor. *Id*. at 99.

2. Ind.Code § 35–44–2–2.

statement of a past or existing fact, and cannot be based upon promised future conduct." *Id.* at 1312. *Wilke* is partly based upon the premise that the scope of false informing "is *probably* limited to giving false information ... concerning a crime *committed.*" *Id.* (first emphasis added) (quoting Bobby Jay Small, Commentary to Ind.Code § 35–44–2–2 (West 1978 ed.)). *Wilke* is distinguishable, however, in that it involved false reporting, not false informing. We conclude that the discussion in *Wilke* limiting false reporting to a "report of a committed crime," *id.* cannot so limit the offense of false informing. False informing involves an ongoing criminal investigation, not merely a discrete criminal report.

Howell's situation is more analogous to *Smith v. State*, 660 N.E.2d 357 (Ind.Ct.App. 1996), than to *Wilke*. *Smith* involved an investigation into a report of minors illegally consuming alcohol. After arriving at the residence and speaking with the occupants, the police officer recognized Smith sleeping in another room and believed there were outstanding warrants for him. Smith provided false information as to his identity and was subsequently arrested for that offense. Smith unsuccessfully argued on appeal that his conviction was improper because the arresting officer had completed the investigation of the alleged underage drinking before he discovered and questioned Smith. This court found that the officer was investigating the violations for which the warrants were issued and stated that "[i]t is irrelevant whether or not [the officer] had ended the investigation of the underage consumption of alcohol." *Id.* at 359. The officer had a reasonable belief that Smith might have committed a crime and was investigating that belief.

Here, however, even though the driver had already been arrested, the officer was still investigating the possibility of underage drinking when he approached Howell. The officer testified that the driver stated that they had been drinking at a nearby bar and that the officer observed beer bottles in the automobile. Howell was twenty-four years old at the time and the officer suspected he might be under the legal drinking age. We conclude that the officer was engaged in the investigation of a crime, even though the suspected crime might not actually have been committed.

 Moreover, the officer's investigation began with the driver's reckless manner of operating the automobile and expanded into an investigation of driving while suspended. We do not interpret Ind.Code § 35–44–2–2 as requiring that the "official investigation of the commission of a crime" be regarding a crime for which the defendant himself is charged. A crime was committed and the officers involved were investigating it. We cannot agree that the investigation ended upon the driver's arrest. The officer made a valid traffic stop and was reasonably inquiring into the circumstances. We conclude that at the time Howell was being questioned, the officer was engaged in the official investigation of the commission of a crime.

Affirmed.

DARDEN and NAJAM, JJ., concur.