**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ramiro MASCORRO, Defendant–Appellant.**

No. 01–1633.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 8, 2001.

Decided Oct. 16, 2001.

Before RIPPLE, MANION and ROVNER, Circuit Judges.

ORDER

Ramiro Mascorro entered a conditional guilty plea to one count of possession of cocaine base in violation of 21 U.S.C. § 844(a) and was sentenced to 60 months' imprisonment, three years' supervised release, a $1,000 fine, and a $100 special assessment. He now appeals the district court's denial of his pretrial motion to suppress evidence, arguing that three plastic bags of drugs discovered during searches after his arrest were inadmissable because the officers did not have probable cause to arrest him. We affirm.

Project Renew is a housing rehabilitation program that owns a vacant lot located in Fort Wayne, Indiana. On May 12, 2000, Project Renew sent a letter to the Fort Wayne Police Department, stating that officers could remove any persons found trespassing on its property. This letter followed calls from neighborhood residents who complained about individuals loitering on the Project Renew property. The neighbors reported that the loiterers drank and used foul language while lingering around a group of metal desks and office chairs that had been brought onto the property. The neighbors complained that this problem occurred so often that residents were afraid to let their children play outdoors. At a squad meeting later that same day, Fort Wayne police officers were advised of the letter from Project Renew and instructed that they could remove trespassers from the Project Renew property. After the squad meeting, the officers dispersed on their routine patrol assignments.

At approximately 3:15 p.m., Officers Newbauer and Thomas observed three men loitering on the Project Renew lot. The officers approached the three individuals and asked them to produce identification. Once two of the men produced valid state identification cards, the officers warned them that they were trespassing on private property and allowed them to leave. The third individual could not produce identification and told the officers that he had left his state-issued identification card at home. He did volunteer, however, that his name was "Juan Gomez" and provided a date of birth.

The officers entered the name and birthdate given by "Gomez" into the Spillman System, a databank containing previous police department contacts. And because the identification card "Gomez" claimed to have left at home would have been issued

by the Indiana Bureau of Motor Vehicles, the officers also searched the bureau's registry. When the information provided failed to match anyone listed in either system, the officers asked the individual to repeat the information, and he twice gave the same name and date of birth. The officers also tried using the social security number provided by this individual, but that information failed to produce a match as well. At this point, Officers Newbauer and Thomas arrested this individual for false informing. *See* Ind.Code § 35–44–2–2(c)(1).

Officer Thomas then proceeded to pat down the individual for weapons to insure the officers' safety. During the pat-down search, Officer Thomas observed a small bag of crack cocaine in the individual's shirt pocket. The arrestee was then escorted to Officers Reed and Ray, who had arrived to provide assistance to Officers Newbauer and Thomas. As the officers placed him in their squad car, the individual gave the officers his true name, Ramiro Mascorro.

While Mr. Mascorro was seated in the patrol car, the officers observed him trying to remove something from inside his pants. The officers asked him to exit the car and then performed a more thorough search, which produced a plastic bag containing crack cocaine that had been concealed in Mr. Mascorro's underwear. A later search at the police station revealed a bag of marijuana that had also been concealed in Mr. Mascorro's underwear.

A grand jury later indicted Mr. Mascorro for possession of more than five grams of cocaine base in violation of 21 U.S.C. § 844(a). Mr. Mascorro filed a motion to suppress evidence obtained as a result of the search incident to arrest, claiming that the officers lacked probable cause to arrest him for false informing. The district court denied the motion, reasoning that because the officers had probable cause to arrest

Mr. Mascorro, the subsequent search incident to arrest was lawful and the drugs uncovered during the search were therefore admissible.

In challenging the district court's denial of his suppression motion, a determination that we review de novo, *see United States v. Chaparro–Alcantara*, 226 F.3d 616, 620 (7th Cir.), *cert. denied*, 531 U.S. 1026, 121 S.Ct. 599, 148 L.Ed.2d 513 (2000), Mr. Mascorro makes a multi-layered argument, although he does not individually challenge the three searches performed by the police. Instead, he argues that because his arrest for false informing was unlawful, it tainted all of the subsequent searches.

Specifically, Mr. Mascorro argues that, because he had not previously been asked to leave the Project Renew property and because previous denial of entry to the property is an element of criminal trespass, *see* Ind.Code § 35–43–2–2, he could not have been committing the crime of criminal trespass. And if he could not have possibly committed the crime of criminal trespass, Mr. Mascorro contends, the officers could not have been involved in an "official investigation" at the time he provided them with a false name and social security number. If the officers were not involved in a criminal investigation, his argument continues, they did not have probable cause to arrest him for false informing. *See* Ind.Code § 35–44–2–2(c)(1) (requiring that the false information be provided to an officer during an official investigation). And without probable cause to arrest Mr. Mascorro for false informing, the subsequent search incident to the (unlawful) arrest, which uncovered the drugs for which Mr. Mascorro was ultimately convicted, violated the Fourth Amendment.

We cannot accept this reasoning. Mr. Mascorro's premise that the officers did not have probable cause to arrest him for

false informing must fail. And because the entirety of his argument is contingent on the success of his claim that the officers lacked probable cause to arrest him, the remainder of his argument also fails.

First, we note that Mr. Mascorro does not argue that the officers violated the Fourth Amendment simply by asking him to provide identification. *See United States v. Rodriguez*, 69 F.3d 136, 141–42 (7th Cir.1995) (noting that an officer's routine request for identification is not a "seizure" for Fourth Amendment purposes). Moreover, Mr. Mascorro does not deny that he provided the officers with false information when they questioned him. Thus, the only issue before us is whether that questioning can be considered an "official investigation" of possible criminal trespassing. On this issue the government contends that, because the officers were alerted to the possibility of trespassing at the squad meeting earlier that evening, their questioning of Mr. Mascorro and his companions was an official investigation of criminal trespass. Mr. Mascorro responds that, having never been warned to keep off the property, it was impossible for him to commit criminal trespass as defined by Indiana law. *See* Ind.Code § 35–43–2–2.

Under Indiana law, however, an officer can be engaged in the official criminal investigation required for false informing, *see* Ind.Code § 35–44–2–2(c)(1), even if the investigation eventually reveals that the underlying crime did not occur. *See Howell v. Indiana*, 684 N.E.2d 576, 578 (Ind. App.1997). In *Howell*, the defendant gave police a false name, birth date, and social security number after the car in which he was a passenger was stopped for a traffic violation. *See id.* The officer questioned the defendant after suspecting that he was a minor and had been drinking alcohol. *Id.* at 577. Although Mr. Howell was twenty-four years old at the time and therefore could not have committed the

offense of underage drinking, *see* Ind.Code § 7.1–5–7–7, his conviction for false informing was upheld nonetheless. *See Howell*, 684 N.E.2d at 578 ("[T]he officer was engaged in the investigation of a crime, even though the suspected crime might not actually have been committed."). Similarly, the officers in this case were conducting an official criminal investigation at the time Mr. Mascorro gave the false information, even if the officers might have ultimately concluded that Mr. Mascorro's conduct did not meet the elements of criminal trespass. Here, the officers never had to decide whether Mr. Mascorro was trespassing or not. Because he provided them with false information from the moment they began their questioning, they arrested him for false informing before reaching a conclusion regarding the possibility that he was trespassing. Given the request of the property owner that the police ask those found on the property to leave and given the reports received from neighbors, the officers had a right to make a preliminary inquiry as to the identity of the individuals found on the property and their reasons for being on the property.

■ Once the officers attempted unsuccessfully to match the records in the system with the false information provided by Mr. Mascorro during the course of their investigation, the officers could have reasonably formed probable cause to arrest him for false informing. *See Edwards v. Indiana*, 750 N.E.2d 377 (Ind.App. 2001) (concluding officers had probable cause to arrest for false informing after suspect provided different names and dates of birth); *see also Smith v. State*, 660 N.E.2d 357, 358–59 (Ind.App.1996) (providing false name and birth date support false informing conviction). Therefore, because the search incident to his lawful arrest, which uncovered the drugs for which he was ultimately convicted, was constitutionally

permissible, *see United States v. Sawyer*, 224 F.3d 675, 678 (7th Cir.2000), the district court did not err in denying Mr. Mascorro's suppression motion. Accordingly, the judgment of the district court is affirmed.

AFFIRMED