**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 08 2012, 10:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**NANCY A. MCCASLIN**
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANGELA M. LEMARR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1105-CR-258 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable James W. Rieckhoff, Senior Judge
Cause No. 20D05-1009-CM-452

**FEBRUARY 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

STATEMENT OF THE CASE

Appellant Angela M. Lemarr appeals her conviction of false informing, a Class A misdemeanor. Ind. Code § 35-44-2-2(d) (2007). We affirm.

ISSUES

Lemarr raises two issues, which we restate as:

I. Whether the trial court abused its discretion by admitting a recording of a telephone call.

II. Whether the evidence is sufficient to sustain Lemarr's conviction.

FACTS AND PROCEDURAL HISTORY

On the morning of August 24, 2010, Sergeant Robert Baker of the Middlebury Police Department was on patrol when a dispatcher advised him of a report of battery. The dispatcher directed Baker to meet Lemarr and her husband, Jeremy, in the parking lot of a physical rehabilitation center where Lemarr was undergoing treatment for unrelated prior injuries. Lemarr told Baker that earlier in the morning, she had been at a convenience store where a man had struck her with a cooler door. Lemarr further stated that the door "jarred her whole body," Tr. p. 128, and that "her whole body was in pain," *id.* at 129. Baker asked if the contact could have been accidental, and Lemarr "was adamant that this was intentional." *Id.* Lemarr described the alleged batterer and the car he had been driving. In addition, Jeremy told Baker that prior to the incident at the convenience store, the Lemarrs had almost gotten into an automobile accident with the same man, who Jeremy claimed had pulled out in front of them as they drove down the

2

street.  By chance, the Lemarrs and the man had gone to the same convenience store after the near-collision.

Next, Baker went to the convenience store, where he reviewed security video of Lemarr's interactions with the alleged batterer.  The video showed the alleged batterer withdrawing a beverage from the cooler and closing the cooler door as Lemarr stood nearby.  Neither the man nor the cooler door made contact with Lemarr.  To the contrary, as Lemarr walked by the man, "he pushed himself up against the cooler to give her room" before going to pay for his beverage.  *Id.* at 131.  The video also showed that as the alleged batterer was paying for his beverage, Lemarr approached the checkout stand with her beverage and stood nearby.  He did not touch Lemarr at that time, either.

After reviewing the video, Baker returned to the physical rehabilitation center to speak with Lemarr again.  He told her that he did not see any contact between her and the alleged batterer or the cooler door.  Lemarr remained insistent that she had been hit, and "she wanted to file a report."  *Id.* at 136.  She again complained of pain throughout her body.  At that point, Baker left because Lemarr was "uncooperative."  *Id.* at 150.  Baker had spent several hours investigating Lemarr's claim, during which time he was unable to respond to any other calls for service.

The State charged Lemarr with false informing.  A jury determined that Lemarr was guilty, and the trial court sentenced her accordingly.  This appeal followed.

3

## DISCUSSION AND DECISION

### I. ADMISSION OF A RECORDED TELEPHONE CALL

Rulings on the admission of evidence are subject to appellate review for abuse of discretion. *McHenry v. State*, 820 N.E.2d 124, 128 (Ind. 2005). A claim of error in the admission or exclusion of evidence will not prevail unless a substantial right of the party is affected. *Pruitt v. State*, 834 N.E.2d 90, 117 (Ind. 2005).

Here, the trial court admitted into evidence State's Exhibit 2, a compact disc containing a recording of a telephone call Jeremy made to the police department after the Lemarrs and the alleged batterer had almost had an auto accident. When the State moved to admit the recording, Lemarr objected on grounds of lack of foundation, authenticity, and hearsay. On appeal, Lemarr contends that the admission of the recording violates Indiana Evidence Rule 1002, also known as the best evidence rule. Lemarr did not present this specific objection to the trial court, so it is waived. *See Treadway v. State*, 924 N.E.2d 621, 631 (Ind. 2010) ("A party may not add to or change his grounds for objections in the reviewing court.").

Waiver notwithstanding, any error in the admission of the recording was harmless. Lemarr fails to explain how the admission of the recording infringed upon her substantial rights. Furthermore, the recording was merely cumulative of Jeremy's and Lemarr's testimony, during which they both described the automobile incident and Jeremy's telephone call to the police. *See Davies v. State*, 730 N.E.2d 726, 735 (Ind. Ct. App. 2000) (determining that the admission of a recording of a police interview was harmless

4

because the recording was cumulative of other evidence), *trans. denied*. We find no abuse of discretion.

## II. SUFFICIENCY OF THE EVIDENCE

When an appellant challenges the sufficiency of the evidence supporting a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We consider only the probative evidence and reasonable inferences drawn from the evidence that support the verdict. *Id.* We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

In order to convict Lemarr of false informing as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that Lemarr (1) gave a false report of a commission of a crime or (2) gave false information in the official investigation of a commission of a crime (3) knowing the report or information to be false (4) resulting in substantial hindrance to any law enforcement process. Ind. Code § 35-44-2-2(d).

Here, Lemarr disputes that Baker was pursuing an official investigation of a commission of a crime when she spoke with him. Instead, she contends that he was only responding to her description of "what she believed constituted a crime." Appellant's Br. p. 11. Furthermore, she notes that no battery charges were filed at the time of her meeting with Baker, so she was merely reporting a "possible future crime." *Id.* at 13. We disagree. Baker was dispatched to investigate an allegation of battery that the Lemarrs had reported to the police. He interviewed Lemarr to learn her version of the

5

events and to decide how to proceed with the matter. Thus, Baker was engaged in the investigation of a crime when he interviewed Lemarr, even though the alleged crime did not actually occur and no battery charge was pending. *See Howell v. State*, 684 N.E.2d 576, 578 (Ind. Ct. App. 1997) (determining that an officer was officially investigating a crime of underage drinking at the time of the defendant's false statements, even though it was later discovered that the defendant was not underage).

Next, Lemarr contends that there is insufficient evidence that she knew her statements to Baker were false because "[s]he was sure that she had been touched and she was terrified." Appellant's Br. p. 13. This contention is without merit. A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. Ind. Code § 35-41-2-2(b) (1977). Knowledge is a mental state of the actor and may be proved by circumstantial evidence and inferred from the circumstances and facts of each case. *Wilson v. State*, 835 N.E.2d 1044, 1049 (Ind. Ct. App. 2005), *trans. denied*. The convenience store's security video was played for the jury, and it showed that neither the alleged batterer nor the cooler door made contact with Lemarr. Furthermore, an employee of the convenience store testified that she was at work when Lemarr and the man were in the store, and she did not see a battery or receive a report of a battery. The jury could have reasonably inferred from this evidence that Lemarr knew that the man had not battered her and knew that her statements to Baker were false.

Finally, Lemarr asserts that her actions did not substantially hinder any law enforcement process. We are not convinced. Baker spent several hours investigating

6

Lemarr's baseless claims. He interviewed people at the store and reviewed security video. Baker was unable to respond to any other calls while he investigated Lemarr's assertions. This evidence is sufficient to establish that Lemarr hindered a law enforcement process. *See Jones v. State*, 774 N.E.2d 957, 964 (Ind. Ct. App. 2002) (determining that the evidence supported the defendant's conviction for false informing as a Class A misdemeanor because the defendant's false statement to an officer about an auto accident "delayed [the officer's] processing of the accident scene").

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.